IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

UNITED STATES OF AMERICA      )
     )
v      )      CR. NO. 2:08cr82-WHA
     )      (WO)
BYRON CHARLES COLLINS,      )

**MEMORANDUM OPINION AND ORDER**

## I.  INTRODUCTION

This cause is before the court on Objections to the Report and Recommendation of the Magistrate Judge.

The facts of this case have been set forth more fully  in the Report and Recommendation of the Magistrate Judge.  In summary, Defendant Byron Charles Collins is charged with a count of knowingly possessing with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance.  Collins was the driver of a vehicle stopped by Alabama State Trooper Billy Fulmer ("Fulmer").   Collins was issued a warning for the traffic violations.  After he was handed the warning, Fulmer asked Collins about the presence of drugs and other items in his car, which Collins answered.  Fulmer then asked if Collins would consent to a search of the car.  Collins consented and signed a consent to search form.  Collins has moved to suppress the evidence gained as a result of the search of his vehicle.

The Magistrate Judge held an evidentiary hearing on the motion to suppress on June 6, 2008.  The Magistrate Judge determined that the search was a valid consent search and that the evidence gained as a result of the search ought not be suppressed.

## II.  STANDARD OF REVIEW

A district court makes a *de novo* determination of the portions of the magistrate judge's report or specified proposed findings of fact or recommendations as to which objection is made. 28 U.S.C. § 636 (b)(1).  A district court may accept, reject, or modify the findings or recommendations by the magistrate judge.  *Id.*  Credibility findings of a magistrate judge, "who personally observed and listened to the testimony of live witnesses, may be accepted unless the district judge, in his de novo review, finds reason to question the magistrate's assessment of the evidence." *Blizzard v. Quillen*, 579 F. Supp. 1446, 1449 (D.Del. 1984).  *De novo* review does not require a new hearing of witness testimony, but it does require independent consideration of factual issues based on the record.  *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Georgia*, 896 F.2d 507, 513 (11th Cir. 1990).  If the magistrate judge makes findings based on the testimony of witnesses, the district court is obliged to review the transcript or listen to a tape-recording of the proceedings. *Id.*

## III.  DISCUSSION

Collins objects to the Recommendation of the Magistrate Judge on the bases (1) that he did not voluntarily give consent to search, and (2) that the search was not based upon reasonable suspicion.  The court will address the issues in reverse for clarity of discussion.[1]

Collins disputes the Magistrate Judge's analysis that his consent to the search removed the need for the officer to have reasonable suspicion, arguing that it was constitutionally improper for Fulmer to ask him questions concerning drugs after the trooper gave Collins the warning.  Collins argues that an officer must articulate reasonable suspicion of some other illegal

---

[1] For reasons that will be discussed more fully below, because Collins had already been issued the warning before the time of the questioning and request for consent at issue here, the court views the motion to suppress as raising issues of coercion under an objective test, and does not adopt the Magistrate Judge's analysis based on the total length of Collins's interaction with the troopers.

activity beyond the traffic offense before the officer can prolong the stop to ask questions which are unrelated to the original reason for the stop, citing *Illinois v. Wardlaw*, 528 U.S. 119, 123 (2000).

Lengthening detention beyond that related to the initial stop may be permissible where there is an articulable suspicion that illegal activity has occurred, or where the initial detention has become a consensual encounter. *United States v. Ramirez*, 476 F.3d 1231, 1237 (11th Cir. 2007). The court in *Ramirez* addressed nearly identical facts as those in this case, namely, that the warning had already been issued to Collins at the time that he was asked additional questions which were unrelated to the reason for the traffic stop.

In *Ramirez*, a police officer executing the traffic stop handed the defendant his paperwork including a traffic citation and then asked if the defendant was carrying anything illegal in his car. The defendant responded that the officer could search the vehicle if he wanted to do so. After being indicted, the defendant moved to suppress the evidence discovered in the search of his car on the basis that his continued detention was undertaken without any reasonable suspicion of any further criminal activity. The Eleventh Circuit reasoned that the stop had become a consensual encounter at the time the police officer asked whether there was anything illegal in the car. *Id.* at 1237. The court cautioned that its conclusion was not to be taken as a *per se* rule that once the documentation has been returned, the stop has been converted into a consensual encounter, but rather that the court must weigh factors such as whether there was coerciveness on the part of the police, whether the exchange was cooperative in nature, and whether the defendant had everything he reasonably required to proceed on his journey. *Id.* at 1240. The court explained that under an objective standard, under the facts in *Ramirez*, a reasonable person would have felt free to terminate the encounter and decline the request for further information. *Id.* Given this

3

analysis in *Ramirez*, this court concludes, therefore, that both of Collins's objections, the objection to the finding of the voluntariness of consent, and to the reasonableness of the detention, are to be resolved by examining the voluntariness of Collins's actions.

The court notes, in examining the totality of the circumstances of the questioning and the consent, that the factors applied to the voluntariness of consent are somewhat different from those applied to the consensual nature of the encounter, listed above. "In evaluating the totality of the circumstances underlying consent, the court should look at several indicators, including the presence of coercive police procedures, the extent of the defendant's cooperation with the officer, the defendant's awareness of his right to refuse consent , the defendant's education and intelligence, and the defendant's belief that no incriminating evidence will be found." *United States v. Simms*, 385 F.3d 1347, 1355 (11th Cir. 2004).

Collins states in his objection to the Report and Recommendation that he has not argued that there was express duress or coercion, but that there was implied coercion under the totality of the circumstances. Collins states that because he was seated in Fulmer's car with Fulmer, with another trooper, Andy Sutley ("Sutley"), outside the car door, a reasonable person would not have felt free to simply walk away. The Magistrate Judge stated that Sutley had returned to his own vehicle, but that regardless of Sutley's location, Collins had begun to exit the car when the additional questions were posed to him, demonstrating that he subjectively felt free to leave. Collins responds in his objections that the additional questions were a show of authority which caused Collins to believe that he was not free to leave when he was asked to give his consent to search.

The court has independently reviewed the transcript of the evidentiary hearing and the recording of the traffic stop. Collins did not testify at the evidentiary hearing that he did not

personally feel free to terminate the encounter with Fulmer.  The recording of the traffic stop reveals that Collins had been given his license, his vehicle documents, and the written warning before being asked the questions regarding the contents of his vehicle, and that the questioning was cooperative in nature.  Tr. at 30:12-13.  While it is unclear whether Sutley was at his own vehicle or outside Fulmer's vehicle during the exchange which followed the issuance of the warning, Sutley was not engaged in any conversation with Collins once Collins had been handed his documentation. *Id.* at 26:23.  The questioning by the single officer, Fulmer, did not involve threatening or otherwise coercive tactics.  The fact that Collins opted to answer the questions rather than voluntarily terminating the encounter does not negate that there was a consensual encounter.  *Ramirez*, 476 F.3d at 1240.  The court agrees with the Magistrate Judge that Collins's move to get out of the vehicle, evident in the recording of the encounter, demonstrates that Collins felt free to leave.  Additionally, the facts that Collins was cooperative and was made aware of his right to refuse consent, when added to the totality of the circumstances, also causes the court to adopt the finding that consent to search was voluntary.

Because the consent to search was given without coercion, and because Collins's encounter with police, after having been given all of his documentation and the warning, was consensual and not coerced, the court adopts the Recommendation that the Motion to Suppress be DENIED.

## IV.  CONCLUSION

For the reasons discussed, and following a *de novo* review of the record by the court, the Objections are OVERRULED, the Magistrate Judge's Report and Recommendation is ADOPTED with the modification in the legal analysis noted above, and it is hereby ORDERED that Defendant's Motion to Suppress (Doc. #17) is DENIED.

5

Done this 1st  day of July, 2008.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
Senior United States District Judge